In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00455-CR
_____

**TRAEVON RAJAHD WHITE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 1A District Court
Jasper County, Texas
Trial Cause No. 12918JD

**MEMORANDUM OPINION**

In this appeal, Traevon Rajahd White's[1] court-appointed counsel submitted a

brief in which counsel contends that no arguable grounds can be advanced to support

White's appeal from his conviction for tampering with physical evidence.[2] Based on

---

[1] The information in the clerk's record reveals that White is also known as Rajand Traevon White, Rajahd White, Rajahd T. White, and Traevon White, among others.

[2] *See* Tex. Penal Code Ann. § 37.09 (West 2016).

1

our review of the record, we agree that no arguable issues exist to support White's appeal.

On appeal, White's counsel filed an *Anders* brief presenting counsel's professional evaluation of the record. In the brief, counsel concludes that he is unable to raise any arguable issues in White's appeal.[3] After counsel submitted the *Anders* brief, we granted an extension of time so that White could file a *pro se* response. White, however, did not file one.

In 2016, and based on the terms of a plea agreement, the appellate record shows that White pleaded guilty to the crime of tampering with physical evidence.[4] White pleaded guilty in return for the agreements he made with the prosecutor in a plea bargain. In carrying out the plea agreement, the trial court deferred finding White guilty of tampering with physical evidence and placed him on community supervision for a period of five years.

In May 2017, the State filed a motion to revoke the trial court's deferred-adjudication order. In its motion, the State alleged that White had violated the conditions of the trial court's deferred-adjudication order in six different ways,

---

[3] *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

[4] *See* Tex. Penal Code Ann. § 37.09.

which the State's motion described.[5] In November 2017, the trial court conducted a hearing on the State's amended motion. During the hearing, White pleaded "true" to all the violations advanced by the State in its amended motion. After White and one other witness testified on his behalf, the trial court found White violated the conditions of the court's deferred-adjudication order, found White guilty of tampering with physical evidence, and then sentenced White to prison for five years.[6]

After reviewing the appellate record and the *Anders* brief filed by White's counsel, we agree with counsel's conclusion that White cannot raise any arguable issues to support an appeal. We conclude that his appeal is frivolous.[7]  Thus, we

---

[5] In October 2017, the State filed an amended motion to revoke that alleges White violated the deferred-adjudication order in seven different ways.

[6] Based on the allegations in the information used in White's case, a conviction for tampering with physical evidence exposed White to a sentence available for third-degree felonies. *See id.* § 37.09(c).

[7] *See Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015) ("A plea of true, standing alone, is sufficient to support the revocation of community supervision and adjudicate guilt.").

need not appoint new counsel to re-brief White's appeal.[8]  Accordingly, the trial court's judgment is affirmed.[9]

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on December 19, 2018
Opinion Delivered March 13, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

---

[8] *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring court appointment of other counsel only if it is determined that arguable grounds exist to support the appeal).

[9] White may challenge our decision in the case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.